IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KATHERINE B. ROBINSON,** | * |
| Plaintiff, | * |
| v. | * Civil Case No.: RWT-13-1945 |
| **DEPARTMENT OF JUSTICE,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

On June 6, 2013, Katherine Robinson ("Robinson") filed a Complaint in the Circuit Court for Prince George's County, Maryland against the Department of Justice ("DOJ") and the Drug Enforcement Administration ("DEA"). ECF Nos. 1, 2. On July 3, 2013, the Defendants removed the case to this Court. ECF No. 1. The Government filed a Motion to Dismiss Robinson's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). For the reasons stated below, the Government's motion will be granted, and Robinson's Complaint will be dismissed.

## BACKGROUND

Although there is only one Complaint listed on the docket of this Court, ECF No. 2, the parties in their filings reference an Amended Complaint, which Robinson appears to include as part of an attachment to her Opposition to the Government's Motion to Dismiss, ECF No. 13-1 at 4. The Government also states in its Response to this Court's Standing Order Concerning Removal that Robinson "filed an Amended Complaint which along with a summons was served by certified mail on the United States Drug Enforcement Administration on July 8, 2013." ECF No. 7 at 1. Despite this assertion, the Amended Complaint was never properly filed with this

1

Court, although it appears to have been filed in the Circuit Court on July 12, 2013, subsequent to removal of the case to this Court.

Although difficult to make out at times, Robinson's original Complaint states that Robinson was an employee of the DEA for 25 years before she was terminated (she does not provide a date of termination).[1] ECF No. 2. She asserts that during her employment at the DEA, she "was sexually harassed by [her] immediate supervisor, Don Ellis ["Ellis"]," and that she reported this harassment to her "next level supervisor, Otto Lewis ["Lewis"]," and "to EEO." ECF No. 2. According to Robinson, Lewis called a meeting for the three of them, where Ellis admitted that he had sexually harassed Robinson. ECF No. 2. After filing a sexual harassment complaint, "[a] copy of the complaint was sent to [her] home," and "things started happen[ing] around [her] desk at work and [at her] home." ECF No. 2. In particular, Robinson avers that the lock on her locker at work was changed so that she could not access her purse and keys. ECF No. 2. In addition, her car had a flat tire, and "[t]hings from [her] home started showing up in [her] desk draw[er]," which had been locked. ECF No. 2. Robinson "advised [her] third line supervisor, Mr. Phillip Camero[,] that some of [her] co-workers had been in [her] home," as she "believe[s] they were looking for the EEO sex[ual] harassment complaint." ECF No. 2.

In Robinson's view, "[t]he only way [she] could show proof that things were happening to [her] at home and work was to take pictures," so she took pictures of her office space, even though she "worked in a secure department," because, Robinson stated, "having parties and taking pictures [at her office] [was] never a problem." ECF No. 2. Robinson was reported to Lewis for taking photographs at work, and "Lewis asked [her] to stop taking pictures." ECF No. 2. Robinson asserts that she followed Lewis's instructions, but that she "accident[ally] took a

---

[1] While it is not asserted in the Complaint, Robinson notes in her Opposition that she worked at the DEA from 1973 to 1998. ECF No. 13 at 1.

picture of the floor while putting [her] camera away." ECF No. 2. She was again reported to Lewis for taking more photographs, and when Lewis "asked [her] for [her] camera," Robinson "didn't want to give [him the] camera because [she] didn't trust Mr. Lewis." ECF No. 2. After this episode, Robinson was terminated from her job "pending investigation." ECF No. 2. According to her Complaint, she has yet to hear "when the investigation was over." ECF No. 2. Robinson's original Complaint seeks $20 million in damages for sexual harassment and for the "steps [she] took to protect [her]self that caused [her] to end up losing [her] job of 25 years." ECF No. 2.

Robinson's Amended Complaint, attached to her Opposition, alleges the same facts but also includes additional information. Robinson asserts, among other things, that the picture-taking incident occurred on May 13—14, 1997. ECF No. 13-1 at 5-6. Robinson also alleges that after losing her job, her and her family's "[lives have] been turned upside down," noting a lower income, "changes to [her] health conditions," the fact that "food, in [her] refrigerator, was rearranged" and she "was afraid to eat [her] food," that she had a security system installed at her home, and that the "DEA advised [the] Virginia Unemployment Commission that [she] was discharged due to misconduct." ECF No. 13-1 at 6.[2] Robinson's Amended Complaint also seeks $50 million instead of $20 million in damages.

Though Robinson's Complaint and Amended Complaint do not mention it, the Government and Robinson both submit attachments to their filings[3] that indicate that she was

---

[2] Page seven of ECF No. 13-1 (an attachment to Robinson's Opposition) appears to be an attempt at a Second Amended Complaint, dated July 12, 2013, in which Robinson seeks to add the Virginia Employment Commission as a Defendant and asks for a total of $350 million in damages. ECF No. 13-1 at 7. Like the Amended Complaint, this document was not docketed as a Complaint by the Clerk of this Court, and the Virginia Employment Commission has not been added as a Defendant to this case.

[3] These documents may be considered at this Rule 12(b)(6) motion to dismiss stage because they are a matter of public record of which the court may take judicial notice or are authentic and integral to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th

terminated on June 3, 1998, ECF Nos. 11-2, 13-2, and that Robinson declined to ever file a formal EEO complaint asserting sexual harassment, ECF Nos. 11-4, 13-7. Robinson also acknowledges in her Opposition that she was "removed from . . . federal service, effective June 3, 1998," ECF No. 13 at 1, and that she "didn't file the formal EEO complaint because [she] didn't want to bring a sexual harassment claim to [the] DEA," ECF No. 13 at 4.

On August 16, 2013, the Government filed its Motion to Dismiss Robinson's Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). ECF No. 11. Robinson filed her Opposition on September 6, 2013, ECF No. 13, and the Government replied on September 23, 2013, ECF No. 14. Without leave of this Court, Robinson filed a surreply on October 7, 2013, in which she reiterates a request from her Opposition to transfer this case to a court with proper jurisdiction. ECF No. 15. Because surreplies may only be filed with leave of this Court under Local Rule 105.2.a, Robinson's surreply will not be considered here, but even if it were, it would not change the conclusion reached by this Court.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint because the Court lacks subject matter jurisdiction. When a 12(b)(1) motion is made to challenge "the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* In addition, when considering a Rule 12(b)(1) motion to dismiss, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the

---

Cir. 2006) ("[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.").

pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.,* 370 F.3d 392, 398 (4th Cir. 2004).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The court must consider all well-pleaded allegations in the complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir. 2005). A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to

relief above the speculative level.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)).

## ANALYSIS

### I. <u>Failure to Exhaust Administrative Remedies</u>

Robinson fails to invoke a specific cause of action in either her Complaint or her Amended Complaint. If one construes her allegations liberally, it appears that the gravamen of her Complaint is that she was sexually harassed while employed at the DEA and that she was impermissibly retaliated against and terminated for initiating a complaint against her supervisor Ellis, in violation of Title VII of the 1964 Civil Rights Act.

Even construing her Complaint in this way, the Complaint must be dismissed for failure to exhaust administrative remedies. A plaintiff suing her federal agency employer under Title VII must exhaust her administrative remedies before bringing suit in federal court. *Blount v. Shalala*, 32 F. Supp. 2d 339, 341 (D. Md. 1999) *aff'd*, 199 F.3d 1326 (4th Cir. 1999). First, a federal employee "must contact an EEO counselor to initiate an informal complaint within 45 days of the alleged discrimination."[4] *Ward v. Comm'r of Soc. Sec.*, Civ. WDQ-11-1004, 2012 WL 893256, *3 (D. Md. Mar. 14, 2012) (citing 29 C.F.R. § 1614.105(a)(1)). Should the informal counseling be unsuccessful, the employee is required to file a formal complaint "within 15 days of receiving notice to do so." *Id.* (citing 29 C.F.R. § 1614.106(a) & (b)). Following the employee's receipt of the agency's final decision, she has only 90 days to initiate a suit in federal court. *Id.* (citing 29 C.F.R. § 1614.407).

---

[4] The Government notes that "[p]rior to 1999, including the times that Plaintiff was employed by DEA, federal employees were required to bring a complaint of discrimination to the attention of an Equal Employment Opportunity (EEO) counselor within 30 days of the occurrence." ECF No. 11-1 at 7 n.2 (citing 29 C.F.R. § 1613.214(a)(1)(1990)).

Here, Robinson asserts no facts in either the original or her Amended Complaint indicating that she has exhausted her administrative remedies. Even if Robinson had filed a formal sexual harassment complaint, which she admits that she did not, she did not initiate this lawsuit until *fifteen years* after her federal employment had ended, and her Amended Complaint never mentions a final agency decision regarding her sexual harassment allegations.

Although the failure to exhaust administrative remedies by a federal employee suing her employer under Title VII "act[s] as a statute of limitations which [is] subject to equitable tolling," *Moret v. Geren*, 494 F. Supp. 2d 329, 337 (D. Md. 2007) (citing *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 970 (4th Cir. 1985)), the circumstances required to support equitable tolling are not present here. For equitable tolling to apply, the defendant government agency must have engaged in affirmative misconduct. *Zografov*, 779 F.2d at 969-70; *Moret*, 494 F. Supp. 2d at 337-38. Here, there is no allegation that the DEA "has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Moret*, 494 F. Supp. 2d at 337. In addition, even if the DEA had engaged in misconduct, "an employer's misbehavior does not excuse employees from their obligation to reasonably pursue their rights," *id.* at 339, and waiting fifteen years to file a complaint against her employer does not constitute a reasonable pursuit of Robinson's rights.

## II. Robinson's Challenge to Her Termination

To the extent that Robinson challenges her termination on grounds unrelated to Title VII, the Government persuasively asserts that her claim is barred because this Court lacks jurisdiction to consider it. Under the Civil Service Reform Act ("CSRA"), a covered federal employee is entitled to appeal her termination to the Merit Systems Protection Board ("MSPB"), and then to the U.S. Court of Appeals for the Federal Circuit. *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126,

7

2130 (2012). The CSRA does not provide jurisdiction to federal district courts to hear appeals like Robinson's, and thus this Court lacks jurisdiction to entertain allegations about her termination.

### III. Lack of Subject Matter Jurisdiction Over Title VII Claims

Finally, the Government points out that the state court in which Robinson originally filed her Complaint lacked jurisdiction to entertain Title VII claims against the DEA, and that because the case was removed to this Court, this Court also lacks such jurisdiction. A claim against a federal employer under Title VII must be filed in federal, not state court. *See Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 190 (2012). Thus, the Circuit Court for Prince George's County, Maryland, lacked subject matter jurisdiction to hear Robinson's Title VII claims.

When a case is removed from state court to federal district court under 18 U.S.C. § 1442, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Bullock*, 666 F.3d at 286 (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382 (1922)); *see Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 244-46 (4th Cir. 2007). As a result, because the Maryland state court lacked jurisdiction to entertain any Title VII claims in this case, this Court "did not acquire jurisdiction by reason of the case's removal under 28 U.S.C. § 1442[] from the state court to federal court."[5] *Id.* Thus, to the extent Robinson seeks relief under Title VII, this court lacks subject matter jurisdiction to hear her claims. *See id.*

---

[5] The Government removed this case to this Court pursuant to 28 U.S.C. § 1442. ECF No. 1.

## CONCLUSION

Robinson's Complaint must be dismissed because this Court lacks jurisdiction over it and because Robinson has failed to state a claim upon which relief can be granted. Accordingly, the Court will grant the Government's Motion to Dismiss [ECF No. 11] and dismiss the Complaint [ECF No. 2]. A separate Order follows.


<u>Date</u>:  March 24, 2014 /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE